IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN MONTI, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv708 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| NEW RIVER VALLEY REGIONAL JAIL, ) |      United States District Judge |
|     Respondent. ) | |

**DISMISSAL ORDER**

John Monti, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of the Giles County Circuit Court revoking his probation and imposing a sentence.[1]  Because Monti's direct appeal has just been filed and is still pending in the Court of Appeals of Virginia, he has not yet exhausted his state court remedies.  Accordingly, the court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant a § 2254 petition unless the petitioner exhausted the remedies available in the courts of the state in which the petitioner was convicted.  28 U.S.C. § 2254(b).  To exhaust his state remedies, Monti must present his claims in due course to the highest state court with jurisdiction to consider them, in this case, the Supreme Court of Virginia.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  Where, as here, a petitioner files in federal court while he still has available

---

[1] Monti was on probation for two counts of assault and battery on a law enforcement officer, to which he pled guilty in October 2019.  Although he asserts that he was innocent of those charges and pled guilty to get out of jail, he appropriately does not appear to be challenging the original convictions, as such a challenge would now be time-barred.

state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice, to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

If any of the issues Monti raises in his petition is being raised on direct appeal, he must pursue his direct appeals up to and including the Supreme Court of Virginia. If he has issues that he cannot raise in his direct appeal, he has two options for pursuing state habeas remedies. First, he may file a state habeas petition in the circuit court where he was convicted, and then appeal any adverse decision to the Supreme Court of Virginia; alternatively, he may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654. Whichever route he pursues, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. It appears that Monti still has an opportunity to raise habeas claims in state court because the time for doing so has not yet expired. *See* Va. Code § 8.01-654(A)(2). Monti must also bear in mind the statute of limitations on federal habeas petitions, which expires one year from the date of final judgment; a properly filed (i.e., timely, among other requirements) state habeas petition will temporarily stop the running of the statute of limitations. 28 U.S.C. § 2244(d).

For the reasons state above, Monti's petition is summarily **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies. The Clerk is directed to **STRIKE** this matter from the active docket of this court. The Clerk is further directed to mail a copy of this order to Monti.

Entered: December 9, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge